UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAH BULLOCK,<br><br>Plaintiff,<br><br>-vs-<br><br>GWYNEDD HEALTHCARE, LLC; GWYNEDD HEALTHCARE, LLC d/b/a GWYNEDD HEALTHCARE AND REHABILITATION CENTER; SAMBA CARE, LLC d/b/a SAMBACARE; and, REBECCA (Last Name Unknown), *individually*.<br><br>Defendants. | Civil Action No.<br><br>**PLAINTIFF REQUESTS A TRIAL BY JURY**<br><br>**COMPLAINT** |

Plaintiff, LEAH BULLOCK ("Plaintiff" and "Ms. BULLOCK") by and through her undersigned counsel hereby files this Civil Action Complaint against Defendants, GWYNEDD HEALTHCARE, LLC; GWYNEDD HEALTHCARE, LLC d/b/a GWYNEDD HEALTHCARE AND REHABILITATION CENTER; SAMBA CARE, LLC d/b/a SAMBACARE ("Samba") and REBECCA (Last Name Unknown), individually, and upon information and belief avers the following:

## NATURE OF THE CASE

Plaintiff complains of race discrimination, hostile work environment, retaliation, and wrongful termination pursuant to the Civil Rights Act of 1866, as codified 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA"), as codified, 43 P.S. § 955,[1] and seeks damages

[1] As Plaintiff's claims under the PHRA are not yet ripe, Plaintiff reserves the right to amend this complaint once such claims are ripe for inclusion, which will be one year following the filing of her Charge of Discrimination with the EEOC and PHRC, approximately May 23, 2025.

to redress injuries Plaintiff suffered as a result of discrimination and hostile work environment harassment, which ultimately led to Plaintiff's retaliatory termination by her employer due to her exercise of protected activities.

## JURISDICTION AND VENUE

1. This action involves a question of federal law pursuant to the Civil Rights Act of 1866, as codified 42 U.S.C. § 1981 (hereinafter "§ 1981.")

2. This Court has supplemental jurisdiction over the forthcoming Commonwealth causes of action, as they arise from the same nucleus of operative fact.

3. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the county of Montgomery within the Commonwealth of Pennsylvania where the discrimination occurred.

## PARTIES

4. Plaintiff LEAH BULLOCK ("Plaintiff" or "BULLOCK") is an adult individual who resides in the Commonwealth of Pennsylvania with an address of PO Box 430 Norristown, PA 19401.

5. Defendant GWYNEDD HEALTHCARE, LLC ("Defendant" and/or "GWYNEDD") is a domestic limited liability company which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania, with offices for the purposes of service at 773 Sumneytown Pike, Lansdale, PA 19446.

6. Defendant GWYNEDD HEALTHCARE, LLC d/b/a GWYNEDD HEALTHCARE AND REHABILITATION CENTER ("Defendant" and/or "GWYNEDD") is a domestic limited liability company which is licensed to and regularly transacts business in the Commonwealth of

Pennsylvania, with offices for the purposes of service at 773 Sumneytown Pike, Lansdale, PA 19446.

7. Defendant SAMBA CARE, LLC d/b/a SAMBACARE (hereinafter collectively referred to as "Defendants" and "SAMBA") is a domestic limited liability company which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania, with offices for the purposes of service at 250 Cedarbridge Avenue Suite 290 Lakewood New Jersey 08701.

8. Plaintiff was jointly employed by Defendants GWYNEDD HEALTHCARE, LLC, and SAMBA CARE, LLC d/b/a SAMBACARE, each exercised control over Plaintiff's work conditions, schedule, supervision, and/or compensation, such that they operated as joint employers under applicable law.

9. Defendant REBECCA (Last Name Unknown) ("Defendant" or "Rebecca") is an individual white/Caucasian female.

10. At all times material, Defendant REBECCA is a Caucasian female who, at all relevant times, was employed by Defendant Gwynedd as a Charge Nurse and/or Unit Manager.

11. At all times material, Plaintiff was qualified for her position with Defendants.

12. At all times material, Plaintiff was employed by Defendant, and both Plaintiff and Defendant agreed that Plaintiff was a W2 employee.

13. At all times relevant to this civil action complaint, Defendants employed more than twenty people and were subject to federal antidiscrimination statutes including § 1981.

## MATERIAL FACTS

14. Defendants, SAMBA, is a staffing agency that hired Plaintiff for the position of certified nursing assistant.

15. In or around November 2021, Defendants SAMBA placed Plaintiff at Defendant, GWENYDD's, healthcare and rehabilitation center.

16. Plaintiff worked for Defendants on a per diem basis at a pay rate of approximately $24/hour.

17. At all times, Plaintiff excelled in her position and executed job responsibilities with excellence and diligence.

18. At all times, Defendant REBECCA, was an employee of Defendants GWYNEDD, who held the position of Charge Nurse and Unit Manager.

19. On or around August 25, 2023, Defendant Rebecca approached the nursing station and subjected Plaintiff to a vile and racist verbal attack, referring to her using the terms "Black," "nigger," and "monkey." Rebecca's conduct was entirely unwarranted, severe, and targeted at Plaintiff because of her race.

20. Plaintiff was shocked and horrified by the outrageous, racially discriminatory conduct and comment from Defendant, Rebecca.

21. Plaintiff immediately reported the racially discriminatory comment to the Director of Nursing at Gwynedd.

22. Plaintiff also reported the discrimination and harassment in the workplace to Defendants, Samba.

23. At all times, Defendants failed to investigate or remedy Plaintiff's reports of discrimination and harassment in the workplace.

24. Plaintiff was scheduled to be off work for vacation and was planning to travel to Florida beginning on August 27, 2023.

25. Plaintiff did make her scheduled trip for vacation to Florida beginning on August 27, 2023.

26. Defendants' Coordinator for GWYNEDD sent Plaintiff an email on or around August 29, 2023, terminating Plaintiff's employment with Defendants.

27. Defendants, SAMBA, terminated Plaintiffs employment after Plaintiff engaged in protected activity.

28. Defendants failed to investigate Plaintiff's claim of discrimination and hostile work environment or to take any appropriate remedial measures.

29. Rather, Defendants continued in a pattern and practice of discrimination and retaliation for terminating Plaintiff for engaging in a protected activity and reporting the unlawful discrimination.

30. Defendants ratified Defendant REBECCA's unlawful conduct when they terminated Plaintiff for engaging in a protected activity by reporting the unlawful race discrimination.

31. As Defendant's conduct has been malicious, willful, outrageous and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants jointly and severally.

32. Plaintiff is seeking emotional damages related to Defendants' unlawful discrimination, retaliation, hostile work environment.

33. Upon a successful verdict, Plaintiff will be seeking attorney fees from Defendants.

34. The above are just some of the examples of unlawful discrimination and retaliation to which the Defendants subjected the Plaintiff.

35. Defendants have established a pattern and practice of discrimination in their workplace.

36. Defendants had a duty to prevent discrimination and harassment in the workplace.

37. Defendants failed to investigate Plaintiff's complaint or to take appropriate remedial measures.

38. Plaintiff was repeatedly targeted for adverse action including termination due to Plaintiff's membership in a protected class based upon race and due to Plaintiff's reports of and opposition to the discrimination and harassment in the workplace.

39. As a result of Defendant's conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

40. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

42. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. Plaintiff has further experienced severe emotional and physical distress.

44. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant, jointly and severally.

45. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

46. Defendant at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

47. Defendant's discriminatory conduct was severe and pervasive, and created a hostile work environment for Plaintiff.

48. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

49. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION**
**FOR RACE DISCRIMINATION UNDER**
**42. U.S.C. § 1981**

50. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

51. 42 U.S.C. § 1981 states in relevant part as follows:

    a. (a) Statement of equal rights of all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined for purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

52. Plaintiff makes claims for all damages available to her as a result of Defendants' unlawful discrimination.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**42 U.S.C. § 1981**

53. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

54. Defendants have violated 42 U.S.C. § 1981 by subjecting Plaintiff to retaliation for her protected complaints and opposition to Defendants' unlawful discriminatory conduct on the basis of her race, by denying Plaintiff the ability to work in an environment free of discrimination and harassment in the workplace.

55. Plaintiff makes claims for all damages available to her as a result of the Defendants' retaliation.

**AS A THIRD CAUSE OF ACTION**
**FOR HOSTILE WORK ENVIRONMENT UNDER**
**42 U.S.C. § 1981**

56. Plaintiff hereby incorporates each and every allegation made in the above paragraphs of this complaint as fully as if they were set forth at length.

57. While employed by Defendants, Plaintiff was subjected to an intimidating, hostile and offensive work environment because Plaintiff was denied the same privileges of employment as her similarly situated non-black colleagues. The conduct was sufficiently severe and pervasive such that it altered the terms and conditions of Plaintiff's employment such that no other reasonable person in Plaintiff's position would have been able to continue working under the same conditions.

58. Plaintiff makes claims for all damages available to her as a result of the hostile work environment that she was forced to endure during her employment with Defendants.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: August 27, 2026

**FREUNDLICH & LITTMAN, LLC**
*Attorneys for Plaintiff*

By: *<u>/s/ Samuel C. Wilson, Esq.</u>*
Samuel C. Wilson, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215 545-8510
E: *sam@fandllaw.com*